UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SD-3C, LLC,<br><br>    Plaintiff,<br><br>  v.<br><br>BARUN ELECTRONICS CO., LTD., et al.,<br><br>    Defendants. | Case No. 19-CV-01895-LHK<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO REMAND**<br><br>Re: Dkt. No. 33 |

Plaintiff SD-3C LLC ("SD-3C") brings this lawsuit against Defendants Barun Electronics, Co., Ltd. ("BEC") and Does 1–20, for claims arising from BEC's alleged breach of contract. BEC also brings a variety of counterclaims against SD-3C. Before the Court is SD-3C's motion to remand. Having considered the parties' submissions, the relevant law, and the record in this case, the Court GRANTS SD-3C's motion to remand.

## I.   BACKGROUND

### A. Factual Background

SD-3C is a Delaware limited liability company that licenses SD Memory Card technology. ECF No. 1-1 ("Compl.") ¶ 1. SD-3C is owned by three entities: 1. Panasonic Intellectual Property Corporation of America; 2. Toshiba America Electronic Components, Inc; and 3.

SanDisk LLC.  *See* ECF No. 12 at 1.  The sole member of SanDisk LLC is SD International Holdings, Ltd.  *See* ECF No. 33-2 ("Quackenbush Decl.") ¶ 2.  BEC is a foreign corporation organized under the laws of the Republic of Korea.  Compl. ¶ 1.  On November 6, 2006, SD-3C entered into an Amended and Restated SD Memory Card License Agreement ("CLA") with BEC, pursuant to which BEC received a non-exclusive intellectual property license relating to the manufacture and sale of certain memory cards.  *See id.* ¶ 3.  The CLA was initially set to expire on November 8, 2016, but its expiration was extended until November 8, 2017.  *See id.*  The CLA's expiration date was then further extended until November 8, 2018.  *See id.*

The CLA required that BEC satisfy various obligations owed to SD-3C.  *See id.*  In particular, BEC was required to:  report quarterly sales of products covered by the CLA; pay royalties associated with the relevant sales; maintain accurate books and records concerning the relevant sales; and permit SD-3C to periodically inspect BEC's books and records concerning the relevant sales.  *See id.* ¶ 5.

SD-3C alleges that after the CLA expired, BEC continued to manufacture and sell products utilizing SD-3C's protected intellectual property, without a license to do so.  *See id.* ¶ 6.  Further, upon inspecting BEC's books and records on an unspecified date, SD-3C alleges that it discovered that BEC owed it over $4.4 million in unreported royalties corresponding to the period between January 1, 2013 and June 30, 2017, plus interest and audit fees contemplated by the CLA.  *Id.*

On July 30, 2018, SD-3C and BEC entered into a Confidential Settlement and Mutual Release Agreement ("CSMRA"), pursuant to which BEC agreed to pay SD-3C a compromise sum.  *See id.* ¶ 7.  After an unspecified number of payments were made under the CSMRA, BEC and SD-3C amended the CSMRA on or around October 23, 2018.  *See id.*  This amendment allegedly required BEC to pay SD-3C a total of $3 million, with an initial payment of $1.2 million due in October 2018 and a second payment of $1.8 million, plus $15,750 in interest, due in January 2019.  *See id.*  SD-3C alleges that BEC made the first payment but failed to make the second one.  *See id.* ¶ 8.  SD-3C sent BEC notice of BEC's apparent breach on January 17, 2019, *id.* ¶ 10.

United States District Court
Northern District of California

### B. Procedural History

On February 4, 2019, SD-3C filed its complaint against BEC and the Doe defendants in California Superior Court for the County of Santa Clara. Compl. at 1. SD-3C's complaint exclusively alleges state law breach of contract claims. *Id.* at 2, 3. SD-3C first served BEC with the summons and complaint by registered mail to its headquarters in South Korea. *See* ECF No. 33-1 ("Kadotani Decl.") ¶ 2. SD-3C received a receipt and tracking number, but SD-3C initially believed that it would be unable to confirm delivery because the United States Postal Service ("USPS") does not track deliveries in South Korea. *See id.* SD-3C subsequently learned that the USPS tracking number could be used to track the shipment through the Korea Post. *Id.* ¶ 8. The Korea Post confirmed that the shipment was delivered on February 21, 2019. *Id.* Ex. 7. In the meantime, SD-3C also initiated service of the summons and complaint on BEC pursuant to the Hague Convention. *Id.* ¶ 2.

On February 13, 2019, SD-3C sent BEC notice that SD-3C planned to apply for an ex parte Right to Attach Order ("RTAO") in California court, in order to secure the amount that SD-3C alleged that SD-3C was owed under the CSMRA. Kadotani Decl. ¶ 3. The RTAO hearing occurred on February 14, 2019. *See id.* At the hearing, the California Superior Court for the County of Santa Clara granted SD-3C's application and issued the RTAO. *See id.* The RTAO reflected the California court's determination that SD-3C "established the probable validity of [its] claim," and granted SD-3C the right to attach property of BEC to satisfy the damages from the alleged breach of the CSMRA. *See id.* Ex. 3.

On March 12, 2019, BEC's counsel informed SD-3C's counsel that BEC intended to file a responsive pleading, and BEC's counsel inquired into the status of service. *See id.* ¶ 6. SD-3C's counsel informed BEC's counsel that service was pending under the Hague Convention, but that SD-3C had not yet confirmed service. *See id.* BEC's counsel signed a Notice & Acknowledgement of Receipt to confirm service under state law electronically on that same day, March 12, 2019.

On April 9, 2019, BEC removed SD-3C's complaint to federal court. *See* ECF No. 1.

1    BEC's notice of removal claims that the Court has diversity jurisdiction over SD-3C's complaint.

2    *See id.* at 2.  The notice of removal asserts that complete diversity exists because SD-3C is "a

3    Delaware corporation," while BEC is a Korean corporation.  *See id.*

4          On April 12, 2019, BEC filed an answer to SD-3C's complaint, and BEC asserted ten

5    counterclaims against SD-3C and a group of corporate entities.  *See* ECF No. 4.  Later in the

6    month, on April 30, 2019, BEC amended its answer and added two additional counterclaims.  *See*

7    ECF No. 17.  BEC now asserts twelve counterclaims in total.  *See id.* ¶¶ 91–246.  These

8    counterclaims include eight state law causes of action and four federal causes of action.  *See id.*

9    Three federal claims under the Sherman Act, *see id.* ¶¶ 223–41, and one federal claim consists of a

10   request to invalidate SD-3C's trademark, *see id.* ¶¶ 91–135.

11         SD-3C filed the instant motion to remand on May 9, 2019.  *See* ECF No. 33.  BEC filed its

12   opposition on May 21, 2019, *see* ECF No. 37, and SD-3C replied on May 29, 2019, *see* ECF No.

13   46.

## II.    LEGAL STANDARD

15         A suit may be removed from state court to federal court only if the federal court would

16   have had subject matter jurisdiction over the case.  28 U.S.C. § 1441(a); *see Caterpillar Inc. v.*

17   *Williams*, 482 U.S. 386, 392 (1987) ("Only state-court actions that originally could have been filed

18   in federal court may be removed to federal court by the defendant.").  If it appears at any time

19   before final judgment that the federal court lacks subject matter jurisdiction, the federal court must

20   remand the action to state court.  28 U.S.C. § 1447(c).

21         The party seeking removal bears the burden of establishing federal jurisdiction.  *Provincial*

22   *Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1087 (9th Cir. 2009).  "The removal

23   statute is strictly construed, and any doubt about the right of removal requires resolution in favor

24   of remand."  *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009) (citing

25   *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992)).

26         For federal subject matter jurisdiction to exist, a case must either involve diversity of

27   citizenship between the parties or involve a claim arising under federal law.  *Wayne v. DHL*

28
4

*Worldwide Express*, 294 F.3d 1179, 1183 n.2 (9th Cir. 2002). For the Court to have federal question jurisdiction, the complaint must arise under federal law. 28 U.S.C. § 1331. Generally speaking, "[a] cause of action arises under federal law only when the plaintiff's well-pleaded complaint raises issues of federal law." *Hansen v. Blue Cross of Cal.*, 891 F.2d 1384, 1386 (9th Cir. 1989). Under 28 U.S.C. § 1332(a)(1), federal courts have diversity jurisdiction over civil actions "where the matter in controversy exceeds the sum or value of $75,000 . . . and is between . . . citizens of different States." 28 U.S.C. § 1332. The statute "applies only to cases in which the citizenship of each plaintiff is diverse from the citizenship of each defendant." *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996).

## III. DISCUSSION

SD-3C argues that this case should be remanded for two reasons. First, SD-3C argues that the Court lacks diversity jurisdiction over the parties. *See* Mot. at 4–5. Second, SD-3C argues that this case was untimely removed. *Id.* at 5–6.

BEC only responds to SD-3C's timeliness argument. Opp. at 9. BEC makes no response to SD-3C's argument that the Court lacks diversity jurisdiction over the parties.

The Court agrees with SD-3C's argument that the Court lacks diversity jurisdiction over the parties and that remand of this case is proper. Accordingly, the Court need not address SD-3C's alternative argument that removal was untimely.

In its notice of removal, BEC alleges that SD-3C is "a Delaware corporation." *See* ECF No. 1. However, SD-3C indicates that it is not a corporation. Instead, SD-3C asserts that SD-3C is a "Delaware limited liability company." *See* Mot. at 1. SD-3C's members consist of two corporations (Panasonic Intellectual Property Corporation of America and Toshiba America Electronics Corporation) and one limited liability company (SanDisk LLC). *See* ECF No. 12. Further, SanDisk LLC's sole member is SD International Holdings, Ltd., which is a Cayman Islands corporation. *See* Mot. at 2; ECF No. 33-2 ¶ 2.

The Ninth Circuit has held that for the purposes of diversity jurisdiction, "an LLC is a citizen of every state of which its owners/members are citizens." *Johnson v. Columbia Props.*

*Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). When a member of an LLC is another LLC, citizenship "is determined by the citizenship of their members (and their members' members)." *Plush Lounge Las Vegas, LLC v. Lalji*, 2010 WL 5094238, at *2 (C.D. Cal. Dec. 7, 2010); *see also Hicklin Eng'g, L.C. v. Bartell*, 439 F.3d 346, 347–48 (7th Cir. 2006) ("The citizenship of a limited liability company is that of its members, and its members may include partnerships, corporations, and other entities that have multiple citizenships. A federal court thus needs to know each member's citizenship, and if necessary each member's members' citizenships." (citations omitted)).

Accordingly, because SanDisk LLC's sole member is a Cayman Islands corporation, SanDisk LLC is a Cayman Islands citizen, and therefore SD-3C is also a Cayman Islands citizen. Firms with Cayman Islands citizenship are considered foreign citizens for the purposes of diversity jurisdiction. *See Panalpina Welttransport GmBh v. Geosource, Inc.*, 764 F.2d 352, 354–55 (5th Cir. 1985) (holding that entity incorporated in the Cayman Islands is foreign for the purposes of diversity jurisdiction). BEC, as discussed, is a Korean corporation. *See* ECF No. 1 at 2.

Diversity jurisdiction "does not encompass a foreign plaintiff suing foreign defendants." *Nike, Inc. v. Comercial Iberica de Exclusivas Deportivas, S.A.*, 20 F.3d 987, 991 (9th Cir. 1994). Accordingly, diversity jurisdiction is lacking in this case.

BEC does not dispute the foregoing. Instead, BEC insists that "regardless whether [*sic*] the removal was technically imperfect," the Court should resolve the situation by severing and remanding only SD-3C's claims and not BEC's counterclaims or, alternatively, rely on BEC's counterclaims to exercise supplemental jurisdiction over SD-3C's claims. *See* Opp. at 4, 8. According to BEC, BEC's federal counterclaims are subject to the Court's original jurisdiction, and BEC's state law counterclaims present "substantial federal questions." *See id.* at 4–7. BEC claims that the Court should therefore sever and remand only SD-3C's state law claims. *See id.* at 4. Alternatively, BEC argues that the Court should exercise supplemental jurisdiction over SD-3C's state law claims on the basis of BEC's federal counterclaims. *See id.* at 8. BEC also alleges

6

that SD-3C has "agreed" to litigate this case in federal court on the basis of a motion that SD-3C previously filed that sought to relate the instant case to two other cases that involved claims similar to the counterclaims BEC raises and several defendants in common with the counterdefendants BEC names. *See id.* at 10. Finally, BEC argues that SD-3C's motion to remand is "an attempt at forum shopping" because SD-3C previously litigated "similar claims" against other defendants in this Court. *See id.*

All of BEC's arguments lack merit. The Court addresses them in turn.

First, it is black letter law that counterclaims cannot provide the basis for federal question jurisdiction. *See Holmes Group, Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 830–31 ("[A] counterclaim—which appears as part of the defendant's answer, not as part of the plaintiff's complaint—cannot serve as the basis for 'arising under' jurisdiction."). Thus, "removability cannot be created by defendant pleading a counter-claim presenting a federal question." *Takeda v. Northwestern Nat. Life Ins. Co.*, 765 F.2d 815, 822 (9th Cir. 1985) (quotation and alterations omitted). Instead, a federal question "must be disclosed upon the face of the complaint, unaided by the answer or by the petition for removal." *Id.* (quotation omitted). SD-3C's complaint contains only state law claims. *See* Compl. at 2, 3. Accordingly, BEC's counterclaims cannot provide the Court with federal question jurisdiction in this case.

Second, BEC removed this case solely on the basis of *diversity jurisdiction*. Because of BEC's decision to remove solely on the basis of diversity jurisdiction, the presence of federal question jurisdiction is ultimately irrelevant to the instant motion in any event. *See O'Halloran v. Univ. of Wash.*, 856 F.2d 1375, 1381 (9th Cir. 1988) (holding that "the petition [for removal] cannot be amended to add a separate basis for removal jurisdiction after the thirty day period" that follows a defendant's receipt of the complaint).

Third, because of the foregoing, the Court lacks the ability to exercise supplemental jurisdiction. Under 28 U.S.C. § 1367(a), district courts may only exercise supplemental jurisdiction in cases in "which the district courts have original jurisdiction." 28 U.S.C. § 1367(a). However, for the reasons outlined above, the Court has no original jurisdiction in this case.

Fourth, BEC's alleged inability to bring federal counterclaims in state court is irrelevant to the instant motion. Where subject matter jurisdiction is lacking, the Court has no choice but remand, and BEC cites no authority to the contrary. *See, e.g.*, *Kelton Arms Condo. Owners Ass'n, Inc. v. Homestead Ins. Co.*, 346 F.3d 1190, 1192 (9th Cir. 2003) (explaining that a district court "must remand" if it lacks subject matter jurisdiction).

Fifth, BEC's contention that SD-3C has allegedly "agreed that this present action belonged in this Court" on the basis of a past motion to relate this case to two other cases that involve claims similar to the counterclaims BEC raises in this case, and defendants in common with the counterdefendants BEC names in this case, is to no avail. "Subject matter jurisdiction may not be waived." *E.g.*, *Kelton Arms Condo. Owners Ass'n, Inc.*, 346 F.3d at 1192.

Sixth, and finally, BEC's allegation that SD-3C is "forum shopping" because SD-3C "previously litigated similar claims in this Court" is irrelevant. BEC was not a party in the two cases that BEC cites. Moreover, BEC cites no case law to support the contention that SD-3C's past litigation against different defendants affords the Court subject matter jurisdiction over the instant case.

## IV.    CONCLUSION

For the foregoing reasons, the Court GRANTS Plaintiff's motion to remand and REMANDS the instant case to the California Superior Court for the County of Santa Clara. The Clerk shall close the file.

**IT IS SO ORDERED.**

Dated:  September 16, 2019

_____
LUCY H. KOH
United States District Judge

Case No. 19-CV-01895-LHK
ORDER GRANTING PLAINTIFF'S MOTION TO REMAND